Mark Ahlemeyer, OSB # 095997
Assistant Federal Public Defender
Email: mark_ahlemeyer@fd.org
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
Tel: (503) 326-2123
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>LIAM HARRY HOUPIS,<br><br>  Defendant. | Case No. 3:25-cr-00269-IM<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

Liam Harry Houpis, will appear before this Court on Thursday, November 13, 2025, for sentencing upon his plea of guilty to a Class C Misdemeanor: Creating a Hazard on Federal Property, in violation of Title 41, Code of Federal Regulations § 102.74.380 (d). There are no disputes between the parties as to the facts of the case or the appropriate punishment: at sentencing, the government and the defense will jointly recommend a sentence of 12 months' probation and a $5 fee assessment.

Federal sentencing is premised on the "parsimony principle" articulated in 18 U.S.C. § 3553(a). *Dean v. United States*, 137 S.Ct. 1170, 1175 (2017). That principle dictates that a

sentence be "sufficient, but not greater than necessary," to comply with the following purposes of sentencing:

- To reflect the seriousness of the offense;
- To afford adequate deterrence to criminal conduct;
- To protect the public from further crimes of the defendant; and
- To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

In arriving at a sentence that is sufficient but not greater than necessary, § 3553(a) also requires a court to consider the nature and circumstances of the offense, the history and characteristics of a defendant, the kinds of sentences available, and the sentencing range established by the advisory United States Sentencing Guidelines. 18 U.S.C. § 3553(a)(1), (3)-(7); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *United States v. Booker*, 543 U.S. 220 (2005).

Here, because the charge is a Class C Misdemeanor, the sentencing guidelines do not apply. In light of the remaining sentencing factors, the parties jointly agree that a one-year term of probation is an appropriate sentence. Mr. Houpis is twenty-two years old and does not have any prior criminal convictions. He works full time and does not use controlled substances or engage in other troubling behavior. He was not a regular protestor at the ICE building before this incident, and he has not returned to that area since his arrest.

Mr. Houpis caused a hazard on federal property by attempting to screw latches onto temporary wooden doors that would have rendered those particular doors unusable (until the screws were removed). He was quickly apprehended and took full responsibility for his conduct.

The screws in the doors were immediately removed, and to undersigned counsel's knowledge, no federal officers were prevented from coming or going into the ICE building due to Mr. Houpis' actions.

Mr. Houpis regrets his conduct and has learned from this arrest and conviction. His actions were more representative of a young person being caught up in a highly charged environment rather than demonstrating any underlying criminal thinking or desire to cause another person harm. The parties' proposed sentence appropriately balances the aggravating and mitigating factors in this case and is a sufficient punishment that is not greater than necessary. For the reasons stated above and that will be presented at sentencing, the defense respectfully requests that the Court adopt the jointly recommended sentence.

Dated: November 10, 2025.

                                                    */s/ Mark Ahlemeyer*
                                                    Mark Ahlemeyer, OSB # 095997